IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

AUG 1 8 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TANYA MARIE NAVA,<br><br>Defendant/Movant. | Cause No. CR 10-134-BLG-SPW<br>CV 20-061-BLG-SPW<br><br>ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On May 4, 2020, Defendant Nava filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Nava is a federal prisoner proceeding pro se.

This Court lacks jurisdiction to consider Nava's § 2255 motion.

Represented by counsel, Nava filed her first § 2255 motion on June 3, 2016 (Doc. 88), within one year of the Supreme Court's 2015 decision in *Johnson v. United States*, 576 U.S. 591 (2015). After the Supreme Court decided *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 890 (2017), and "having consulted with my attorney about my claims," Consent to Dismissal (Doc. 93-1) at 1, Nava voluntarily dismissed her motion. *See* Text Order Staying Motion (June 30, 2016); Order (Doc. 92); Notice of Voluntary Dismissal (Doc. 93). Because the dismissal of her first motion under § 2255 was "functionally equivalent to an adjudication of

1

the merits," the current motion is her second § 2255 motion. *See United States v. Raymond*, Nos. 19-35047, 18-73048, 2020 WL 3046723 at *2 (9th Cir. June 8, 2020) (unpublished mem. disp.). The Ninth Circuit Court of Appeals has not authorized her to file a second § 2255 motion in this Court. *See* 28 U.S.C. §§ 2255(h), 2244(c). The motion must be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

For what it may be worth, however, the law does not support Nava's claim. She asserts that developments in case law demonstrate that she should not have been sentenced under the career offender provision of the United States Sentencing Guidelines in January 2013. *See* Mot. § 2255 (Doc. 136) at 4; U.S.S.G. § 4B1.2 (Nov. 1, 2012).

Nava pled guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of a substance containing methamphetamine. The career offender designation elevated her total offense level from 29 to 34 and her criminal history category from V to VI. *See* Presentence Report ¶¶ 26–36, 37–57. As a result, the advisory guideline range increased from a range of 140 to 175 months to a range of 262 to 327 months. *See* U.S.S.G. ch. 5 Part A (Sentencing Table). Nava was sentenced to serve 262 months in prison, to be followed by five years' supervised release. *See* Minutes (Docs. 58, 66); Judgment (Doc. 68) at 1–3.

Two convictions supported Nava's designation as a career offender: being a

felon in possession of a firearm in violation of federal law, *see* Presentence Report ¶ 46, and assault on a peace officer in violation of Montana law,[1] *see id.* ¶ 47; *see also id.* ¶ 33. The Court can safely assume that neither offense has as an element the use or attempted or threatened use of physical force. *See, e.g.*, Order (Doc. 72) at 15–19, *United States v. Mann*, No. CR 09-75-GF-BMM (D. Mont. May 9, 2017) (Morris, J.); U.S.S.G. § 4B1.2(a)(1). Nava's career offender designation depended on the "residual clause" of the guideline, U.S.S.G. § 4B1.2(a)(2).

In 2015, the Supreme Court ruled that an identically-worded residual clause in 18 U.S.C. § 924(e)(2)(B), the Armed Career Criminal Act ("ACCA"), was unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 602 (2015). Nava's first § 2255 motion asked the Court to apply this decision in her case. *See* Mot. § 2255 (Doc. 88) at 2 ¶ 4.

But in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), the Supreme Court held that the reasoning of *Johnson* cannot apply to the advisory sentencing guidelines. The guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. The

---

[1] Nava also had a conviction for criminal possession of dangerous drugs, *see* Presentence Report ¶ 48, but that offense did not require evidence of intent to distribute, *see* U.S.S.G. § 4B1.2(b) (Nov. 1, 2012); *compare* Mont. Code Ann. § 45-9-102(1) (1999) *with id.* § 45-9-103(1).

3

sentencing judge must still "make an individualized assessment based on the facts presented and the other statutory factors." *Id.* at 894 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)) (internal quotation marks omitted).

Applying the residual clause of 18 U.S.C. § 924(e)(2)(B) in Johnson's case increased the sentence the judge *had* to impose from zero to ten years to a minimum of 15 years and a maximum of life in prison. *See Johnson*, 576 U.S. at 593–94. But in Nava's case, her statutory penalty range remained ten years to life throughout the case. *See* Indictment (Doc. 1) at 1 (caption); Plea Agreement (Doc. 57) at 2 ¶ 2; 21 U.S.C. § 841(b)(1)(A)(viii). In other words, regardless of whether the *advisory* guideline range was 262 to 327 months or 140 to 175 months, the sentencing court always *had* to impose a sentence between 120 months and life.

*United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019), *cited in* Mot. § 2255 (Doc. 136) at 4, does not alter the outcome. Davis was convicted under 18 U.S.C. § 924(c). Like the residual clause of § 924(e)(2)(B) in *Johnson*, a conviction relying on the residual clause of § 924(c)(3)(B) results in a new *statutory* penalty range of at least five years. *See id.* at 2323–24.

In sum, *Johnson*, *Davis*, and *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018), *cited in* Mot. § 2255 at 4, all involve residual clauses that appear in statutes. All judges *must* impose a sentence within the statutory penalty range. *Beckles* involves a residual clause that appears in a guideline (the same one as in

4

Nava's case) and advises that certain persons' sentences should fall within a subrange within the statutory penalty range. No judge *must* impose a sentence within the subrange. Nava's case is governed by *Beckles*, not by the other cases.

Nava also mentions *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016); *see also Descamps v. United States*, 570 U.S. 254 (2013). *See* Mot. § 2255 at 4. *Mathis* and *Descamps* concern the manner in which sentencing courts apply "categorical analysis." *Johnson* held that the residual clause in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague because it could not be fairly and consistently interpreted through the use of categorical analysis. *See Johnson*, 576 U.S. at 596–600; *see also Dimaya*, 138 S. Ct. at 1211; *Davis*, 139 S. Ct. at 2326–27. But, as *Beckles* holds that guideline residual clauses do not fall under the rule of *Johnson* and are not unconstitutionally vague, the refinement of categorical analysis does not help Nava.

Nava may understandably believe that the rule of *Johnson* ought to apply to her case, but the law holds it does not. *Beckles* precludes relief. With respect to the fact that the instant motion is Nava's second under § 2255, this case is controlled by *Raymond*. With respect to the fact that this Court lacks jurisdiction, it is controlled by *Burton*. A certificate of appealability is denied. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. Nava's motion to vacate, set aside, or correct the sentence (Doc. 136) is DISMISSED for lack of jurisdiction as an unauthorized second motion.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Nava files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 20-61-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 18th day of August, 2020.

Susan P. Watters
United States District Court